IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| CHOICE HOTELS INTERNATIONAL, INC. | )<br>)<br>) |
| Plaintiff | )<br>) |
| vs. | ) Civil Action No.:<br>) |
| GURU CORPORATION, LALIT K. JANI and RANJAN L. JANI | ) Jury Demand<br>)<br>) |
| Defendants. | ) |

**COMPLAINT**

**COMES NOW** the Plaintiff, Choice Hotels International, Inc., by and through its legal counsel, and in support of its Complaint against Defendants Guru Corporation, Lalit K. Jani and Ranjan L. Jani does hereby allege and aver:

**Parties**

1. Plaintiff, Choice Hotels International, Inc. is a Delaware corporation, licensed to conduct business in the State of Tennessee, having a principal place of business at 1 Choice Hotels Circle, Suite 400, Rockville, Maryland 20850.

2. Upon information and belief, Defendant Guru Corporation is a corporation organized under the laws of the State of Tennessee having business address at 12401 Fort West Drive, Knoxville, Tennessee 37922.

3. Upon information and belief, Defendant Lalit K. Jani is a natural person who regularly conducts business in this State and District, by, *inter alia*, engaging in the provision of hotel-motel services at Cedar Bluff Rd. and I-40 and I-75, Knoxville, Tennessee 37923.

1

4. Upon information and belief, Defendant Ranjan L. Jani is a natural person who regularly conducts business in this State and District, by, *inter alia*, engaging in the provision of hotel-motel services at Cedar Bluff Rd. and I-40 and I-75, Knoxville, Tennessee 37923.

## Jurisdiction and Venue

5. This Court has both diversity and federal question jurisdiction over this case.

6. This Court has diversity jurisdiction in this matter pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000.00 and the parties are citizens of different States.

7. This Court has original federal question jurisdiction over the Lanham Act claims in this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1338(a).

8. This Court has original jurisdiction in this case pursuant to 28 U.S.C. §1338(b) because this civil action asserts a claim of unfair competition joined with a substantial and related claim under the trademark laws.

9. This Court has supplemental jurisdiction over the state and common law claims in this action pursuant to 28 U.S.C. §1367(a) because those claims are so related to the Lanham Act claims so as to form part of the same case or controversy under Article III of the United States Constitution.

10. Upon information and belief, each of the Named Defendants has sufficient contacts with this state and district such that this Court's exercise of personal jurisdiction over them comports with traditional notions of fair play and substantial justice.

11. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## Choice Hotels and the SLEEP family of marks

12. Choice Hotels International, Inc. (hereinafter, "Choice Hotels") is in the business of franchising hotels.

13. Choice Hotels can trace its roots to the 1930s when it was comprised of a small chain of roadside hotels.

14. Since that time, Choice Hotels has grown to become one of the largest and most successful lodging franchisors in the world.

15. Choice Hotels is now a publically traded company with 6,000 franchised hotels.

16. Choice Hotels offers high value, mid-priced, hotel and motel and services under such well known brands as CAMBRIA SUITES®, COMFORT INN®, COMFORT SUITES®, QUALITY®, SLEEP INN®, CLARION®, MAINSTAY SUITES®, SUBURBAN EXTENDED STAY HOTEL®, ECONO LODGE®, and RODEWAY INN®.

17. Choice Hotels and/or its predecessor in interest has been offering lodging services under a family of SLEEP marks since at least as early as 1987.

18. Choice Hotels is the owner of several United States Trademark Registrations for its SLEEP family of marks.

19. Choice Hotels is the owner of United States Trademark Registration No. 1,690,604 (hereinafter, "the '604 registration") for the mark SLEEP INN for use in connection with the provision of hotel and motel services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 1.

20. The '604 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

21. Choice Hotels is the owner of United States Trademark Registration No. 1,788,678 (hereinafter, "the '678 Registration") for the mark SLEEP for use in connection with the provision of hotel and motel services; and hotel and motel reservation services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 2.

22. The '678 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

23. Choice Hotels is the owner of United States Trademark Registration No. 2,665,526 (hereinafter, "the '526 Registration") for the mark SLEEP INN + Design for use in connection with the provision of hotel and motel services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 3.

24. The '526 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

25. Choice Hotels is the owner of United States Trademark Registration No. 2,697,638 (hereinafter, "the '638 Registration") for the mark SLEEP INN INN & SUITES for use in connection with hotel and motel services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 4.

26. The '638 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

27. Choice Hotels is the owner of United States Trademark Registration No. 3,449,309 (hereinafter, "the '309 Registration") for the mark SLEEP INN + Design for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 5.

28. Choice Hotels is the owner of United States Trademark Registration No. 3,008,870 (hereinafter, "the '870 Registration") for the mark SLEEP for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 6.

29. The '870 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

30. Choice Hotels is the owner of United States Trademark Registration No. 3,163,646 (hereinafter, "the '646 Registration") for the mark SLEEP INN & SUITES for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 7.

31. The '646 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

32. Choice Hotels is the owner of United States Trademark Registration No. 3,304,069 (hereinafter, "the '069 Registration") for the mark SLEEP INN & SUITES + Design for use in connection with the provision of hotel and motel services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 8.

33. The '069 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

34. Since the inception of their use, the service marks described in paragraphs 19 to 33 above (hereinafter, collectively, "the SLEEP family of Marks"), have been used by Choice

Hotels, its predecessors and franchisees only in connection with the provision of the highest value hotel and motel services.

35. Each registration identified in paragraphs 19 to 33 above remains active, valid and enforceable.

36. Choice Hotels has invested, and continues to invest, significant resources in the development, promotion and protection of the SLEEP family of Marks.

37. As a result of its concerted branding efforts, the SLEEP family of Marks have become widely associated, in the minds of the consuming and general public, with the goods and services offered by Choice Hotels.

38. The SLEEP family of Marks are indicative to both the trade industry and consumers that items bearing, or services offered under, the SLEEP marks originate from, or are sponsored or approved by, Choice Hotels, and constitute genuine and authentic Choice Hotels goods and services.

39. On or about February 13, 1995, Choice Hotels entered into a Franchise Agreement with Guru Corporation, Lalit K. Jani and Ranjan L. Jani (hereinafter, collectively, "Guru") which permitted Guru to operate a SLEEP INN® hotel franchise at Cedar Bluff Rd. and I-40 and I-75, Knoxville, Tennessee 37923 (hereinafter, "the Subject Property"). A true and correct copy of the franchise agreement is attached hereto as Exhibit 9.

40. The franchise agreement specifically licensed the SLEEP family of marks to Guru, including the marks SLEEP® and SLEEP INN® for so long as the franchise agreement remains in effect.

41. The franchise agreement permitted Choice Hotels to terminate the franchise agreement for a variety of reasons including, *inter alia*, failure of Guru to maintain Choice Hotels quality control standards.

42. Paragraph 13 of the franchise agreement provides that upon termination, CHD must: "Immediately discontinue any and all use of the Proprietary Marks, or anything similar thereto in connection with the Hotel and shall thereafter refrain from identifying the Hotel as a Sleep Inn or former Sleep Inn.

43. Prior to May 22, 2012, Guru defaulted on its material obligations under the franchise agreement. Specifically, Guru failed its Quality Assurance Review.

44. The failure to meet the minimum quality control standards required by the SLEEP INN® Rules and Regulations and failure to meet the requirements of paragraph 6 of the Franchise Agreement constitute a breach of the Franchise Agreement.

45. On or about May 22, 2012, Choice Hotels issued a Notice of Default, via FEDEX® delivery service, to Guru articulating the areas of breach and offering Guru the opportunity to take curative action to avoid termination of the franchise agreement. A true and correct copy of the Notice of Default is attached hereto as Exhibit 10.

46. Guru was given ninety (90) days to cure the default.

47. Guru did not cure the default within the ninety (90) day deadline.

48. On or about September 24, 2012, Choice Hotels issued a Notice of Termination, via FEDEX® delivery service, to Guru. A true and correct copy of the Notice of Termination is attached hereto as Exhibit 11.

49. The Notice of Termination instructed Guru to immediately cease use of any and all marks owned by Choice Hotels. The Notice of Termination specifically instructed Guru to

remove any items that bear Choice Hotels marks including, but not limited to: DOT Signs, Billboards, Property Signage, Entrance Signage, Building Signage, Local Yellow Page Ad, Airport Advertising, Lobby Display/Backdrop, Owner's plaque, Rate/Hotel Law Cards, Stationery/Guest and Office, Shower Curtains, Fire Evacuation Cards, Soap/Amenity Package, In-Room Organizers, Cups/Glasses, Van Signs, Folios, Name Tags, Ice Buckets, Guest Service Directory, Sani-Bags, Travel Directories, Ashtrays, Phone Plate, Info Caddy, Matches, Brochures, Rack Cards, Flyers, Guest Room Door Signage, Do Not Disturb Cards, Wastebaskets, Sanitary Toilet Strips, Pad/Pencil/Pen, Guest Comment Cards, Manner in Which Phone is Answered, Voice Mail and Domain Name.

50. The Notice of Termination informed Guru that continued use of the SLEEP family of marks would constitute trademark infringement and would be dealt with accordingly.

51. The Notice of Termination further advised Guru that under the terms of the franchise agreement Choice Hotels was entitled to $4,930.80 in franchise and related fees, $1,223.35 in travel agent commissions, and $85,414.50 in liquidated damages.

52. The Notice of Termination demanded that Guru tender full payment of the $91,568.65 balance due and owing. Choice Hotels further indicated that it would proceed with appropriate legal action if its demands were not met.

53. Upon information and belief, Guru did not comply with the requirements set forth in the Notice of Termination.

54. Thereafter, Choice Hotels discovered that Guru continued to use the SLEEP family of marks in, around, and in publicity for, the hotel located at the Subject Property.

55. On or about December 19, 2012, Choice Hotels sent another letter, again by certified mail, to Guru regarding its continued unauthorized use of the SLEEP family of marks. A true and correct copy of the December 2012 letter is attached hereto as Exhibit 12.

56. The December 19, 2012 letter indicated that Choice Hotels considered the continued unauthorized use of its SLEEP family of marks by Guru to be trademark infringement and again demanded that Guru immediately cease use of the SLEEP family of marks.

57. Guru was instructed to provide written and photographic evidence, no later than January 1, 2013, that it had completely ceased use of the SLEEP family of marks.

58. Guru did not respond on or before the January 1, 2013 deadline.

59. Thereafter, Choice Hotels discovered that Guru continued to use the SLEEP family of marks in, around, and in publicity for, the hotel located at the Subject Property.

60. On or about March 18, 2013, Choice Hotels sent another letter, again by certified mail, to Guru regarding its continued unauthorized use of the SLEEP family of marks. A true and correct copy of the March 18, 2013 letter is attached hereto as Exhibit 13.

61. The March 18, 2013 letter indicated that Choice Hotels considered the continued unauthorized use of its SLEEP family of marks by Guru to be trademark infringement and again demanded that Guru immediately cease use of the SLEEP family of marks.

62. Guru was instructed to provide written and photographic evidence, no later than April 3, 2013, that it had completely ceased use of the SLEEP family of marks.

63. Guru did not respond on or before the April 3, 2013 deadline.

64. Thereafter, Choice Hotels discovered that Guru continued to use the SLEEP family of marks in, around, and in publicity for, the hotel located at the Subject Property.

65. Specifically, a field representative from Choice Hotels visited the Subject Property on or about June 10, 2013 and discovered that the SLEEP family of mark was still in use. Photographs of the Subject Property displaying the SLEEP family of marks are attached hereto as Exhibit 14.

66. Upon information and belief, Guru has willfully, and with full knowledge that its franchise agreement had been terminated, continued to use the SLEEP family of marks in connection with the provision of hotel services.

67. The continued use of the SLEEP family of marks in connection with the provision of hotel services by Guru has irreparably damaged, and will continue to irreparably damage, the valuable good will associated with the SLEEP family of marks.

## COUNT I
### Infringement of Federally Registered Trademark
### (15 U.S.C. §1114)

68. Paragraphs 1- 67 are incorporated by reference herein as though set forth in their entirety.

69. Choice Hotels is the owner of a family of SLEEP marks which it uses in connection with the provision of hotel and motel services. Included in that family of marks are at least the following United States Trademark Registrations: the '604 Registration; '678 Registration; the '526 Registration; the '638 Registration; the '309 Registration; the '870 Registration; the '646 Registration; and the '069 Registration.

70. Choice Hotels licensed the SLEEP family of marks to Guru as part of a franchise agreement.

71. Upon information and belief, after termination of the franchise agreement and its license, and despite receiving multiple notices regarding said termination, Guru continued to use, and continues to use the SLEEP family of marks, including one or more of the Federally

10
Case 3:13-cv-00413 Document 1 Filed 07/15/13 Page 10 of 16 PageID #: 10

Registered marks identified in paragraph 69 above, in connection with the provision of hotel and motel services.

72. Upon information and belief, Guru had actual knowledge of the SLEEP family of marks owned by Choice Hotels and, without the consent of Choice Hotels, knowingly and deliberately used in commerce, in connection with the provision of hotel and motel services marks which are likely to cause confusion, mistake, or deception in violation of Section 32(a) of the Lanham Act, 15 U.S.C. §1114(1).

73. The acts of Guru as described herein constitute infringement of one or more of Choice Hotels federally registered trademarks.

74. As a direct and proximate cause of the infringing acts of Guru, Choice Hotels has been damaged in an amount to be determined at trial.

75. Choice Hotels is entitled to injunctive relief under 15 U.S.C. §1116, and to recover its damages, the profits of Guru, and the cost of the action under 15 U.S.C. §1117.

76. The acts of Guru as described herein warrant this case being designated as exceptional under 15 U.S.C. §1117 and the imposition of treble damages and attorneys' fees.

77. The acts of Guru as described herein have caused and will continue to cause serious irreparable injury to Choice Hotels and to the good will associated with the SLEEP family of marks unless restrained and enjoined by this Court. Choice Hotels has no adequate remedy at law.

## COUNT II
### Federal Unfair Competition - False Designation of Origin
### (15 U.S.C. §1125(a))

78. Paragraphs 1 – 77 are incorporated by reference herein as though set forth in their entirety.

79. Upon information and belief, Guru had actual knowledge of the SLEEP family of marks owned by Choice Hotels and, without the consent of Choice Hotels, knowingly and deliberately used in commerce, in connection with the provision of hotel and motel services marks which are likely to cause confusion, mistake, or deception in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)).

80. Upon information and belief, Guru has used, and continues to use, one or more of the marks in the SLEEP family of marks in commerce in connection with the provision of hotel and motel services.

81. Such use constitutes a false designation of origin, and/or a false or misleading description and/or representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between Choice Hotels and Guru, or as to the origin, sponsorship, or approval of the services or commercial activities of Guru by Choice Hotels.

82. As a direct and proximate cause of the acts of Guru as described herein, Choice Hotels has been damaged in an amount to be determined at trial.

83. Choice Hotels is entitled to injunctive relief under 15 U.S.C. §1116, and to recover its damages, the profits of Guru, and the cost of the action under 15 U.S.C. §1117.

84. The acts of Guru as described herein warrant this case being designated as exceptional under 15 U.S.C. §1117 and the imposition of treble damages and attorneys' fees.

85. The acts of Guru as described herein have caused and will continue to cause serious irreparable injury to Choice Hotels and to the good will associated with the SLEEP family of marks unless restrained and enjoined by this Court. Choice Hotels has no adequate remedy at law.

## COUNT III
### Violation of Tennessee Consumer Protection Act
### (T.C.A. §§47-18-104 *et seq.*)

86. Paragraphs 1- 85 are incorporated by reference herein as though set forth in their entirety.

87. The activities of Guru as described herein constitute a violation of the Tennessee Consumer Protection Act T.C.A. §47-18-104.

88. Specifically, Guru has, *inter alia*, in the course of its business:

    a. passed off its hotel and motel services as those of Choice Hotels;

    b. used a mark or marks in commerce in connection with the provision of hotel and motel services which have caused and continue to cause a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;

    c. used a mark or marks in commerce in connection with the provision of hotel and motel services which have caused and continue to cause a likelihood of confusion or misunderstanding as to affiliation, connection or association with, or certification by, another;

    d. represented that its hotel and motel services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have; and

    e. represented that its hotel and motel services are of a particular standard, quality or grade, or that goods are of a particular style or model, when they are of another.

89. Guru has willfully engaged in the foregoing trade practices knowing them to be deceptive. Accordingly, Choice Hotels is entitled to recover treble damages together with its attorneys' fees pursuant to T.C.A. §47-18-109.

90. The activities of Guru as described herein were undertaken with the full knowledge of Choice Hotels' rights in and to the SLEEP family of marks.

91. The conduct of Guru as described herein has injured Choice Hotels in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Choice Hotels for which there is no adequate remedy at law. Choice Hotels will continue to be so damaged in the absence of relief from this Court.

## COUNT IV
### Trademark Infringement / Unfair Competition
### Tennessee Common Law

92. Paragraphs 1- 91 are incorporated by reference herein as though set forth in their entirety.

93. The activities of Guru as described herein are unfair acts that have damaged the legitimate business of Choice Hotels; therefore those activities constitute unfair competition pursuant to the common law of Tennessee.

94. Guru has used marks in commerce in connection with the provision of hotel and motel services which are likely to create consumer confusion in the marketplace; therefore those activities constitute trademark infringement under the common law of Tennessee.

95. The conduct of Guru as described herein has injured Choice Hotels in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Choice Hotels for which there is no adequate remedy at law. Choice Hotels will continue to be so damaged in the absence of relief from this Court.

**WHEREFORE**, Choice Hotels prays:

A. That each of the Named Defendants (*i.e.*, Guru Corporation, Lalit K. Jani, and Ranjan L. Jani), jointly and severally, their agents, servants, employees and attorneys and all those in active concert or participation with them, be permanently and forever enjoined from

using any of the marks in the SLEEP family of marks, including but not necessarily limited to, the marks appearing in the '604 Registration; '678 Registration; the '526 Registration; the '638 Registration; the '309 Registration; the '870 Registration; the '646 Registration; and the '069 Registration; or any mark confusingly similar thereto;

B. That each of the Named Defendants (*i.e.*, Guru Corporation, Lalit K. Jani, and Ranjan L. Jani), jointly and severally, be found liable for Federal Trademark infringement and Federal Unfair Competition resulting from its use of one or more of the SLEEP family of marks;

C. That Choice Hotels be awarded judgment for damages against each of the Named Defendants (*i.e.*, Guru Corporation, Lalit K. Jani, and Ranjan L. Jani) jointly and severally, resulting from violation of Section 32(a) of the Lanham Act (15 U.S.C. §1114) and 43(a) of the Lanham Act (15 U.S.C. §1125(a)) for Federal Trademark Infringement and Federal Unfair Competition, respectively, in an amount to be fixed by the Court which in its discretion it finds just, including:

   1) all profits received by each Named Defendant from sales and revenues of any kind as a result of the actions complained of herein; and

   2) all damages sustained by Choice Hotels as a result of each Named Defendant's acts of infringement and unfair competition, and that such damages be trebled; and

   3) That, in light of the deliberate and willful actions of each Named Defendant this action be designated an exceptional case, thereby entitling Choice Hotels to an award of all reasonable attorneys' fees, costs, and disbursements incurred by Choice Hotels as a result of this action, pursuant to 15 U.S.C. §1117, and that Choice Hotels be awarded such relief;

15
Case 3:13-cv-00413   Document 1   Filed 07/15/13   Page 15 of 16   PageID #: 15

D. That Choice Hotels be awarded its attorneys' fees pursuant to T.C.A. §47-18-109;

E. That Choice Hotels be awarded judgment for damages, in an amount to be determined at trial, against each of the Named Defendants, jointly and severally, and that such damages be trebled, resulting from their acts of unfair and deceptive trade practice in violation of the Tennessee Consumer Protection Act, T.C.A. §47-18-104 *et seq.*;

F. That Choice Hotels be awarded judgment for damages, in an amount to be determined at trial, against each of the Named Defendants, jointly and severally, resulting from their common law trademark infringement and common law unfair competition;

G. That this Court award any and all relief not here enumerated that this Court should deem just and equitable;

I. That Choice Hotels be awarded the costs and attorneys' fees it incurs in this action; and

J. That all triable issues be brought before a jury.

Respectfully submitted,

s/J. BRITT PHILLIPS
J. BRITT PHILLIPS (BPR# 20937)
**Sutter O'Connell Co.**
341 Cool Springs Blvd., Suite 430
Franklin, Tennessee 37067
Office: (615) 771-5008
Fax: (615) 771-1080
bphillips@sutter-law.com


*Attorney for Plaintiff*

## JURY DEMAND

Now comes CHOICE HOTELS INTERNATIONAL, INC., by and through counsel, and herein demands a trial by jury of the issues triable of and by a jury in this action.

s/J. BRITT PHILLIPS
J. BRITT PHILLIPS